**Hermes CHAVES–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Gary Cote, Hartford Officer in Charge, Bureau of Citizenship and Immigration Services, Respondents.**

No. 05–5183–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

---

Mario DeMarco, Port Chester, NY, for Petitioner.

Kevin J. O'Connor, United States Attorney, Micheal E. Runowicz, William J. Nardini, Assistant United States Attorneys, District of Connecticut, for Respondents.

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Hermes Chaves–Lopez, a native and citizen of Colombia, seeks review of an August 31, 2005 order of the BIA summarily affirming the May 21, 2004 decision of Immigration Judge ("IJ") Michael Straus denying Chaves–Lopez's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Chaves–Lopez*, No. A79 089 842 (B.I.A. Aug. 31, 2005), *aff'g* A79 089 842, (Immig.Ct.Hartford, CT, May 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review questions of law *de novo*. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's finding that the Ejército de Liberación Nacional ("ELN"), or National Liberation Army, was motivated to extort Chaves–Lopez solely on account of his ownership of a farm is supported by substantial evidence. In *Matter of S–P–*, the BIA held that an asylum applicant is not obliged to show conclusively why persecution has occurred or may occur; in proving past persecution, the applicant must produce evidence, either direct or circumstantial, from which it is reasonable to believe

that the harm was motivated in part by an actual or imputed protected ground. 21 I. & N. Dec. 486, 494–95, 1996 WL 422990 (BIA 1996). In both his oral and written testimony, Chaves–Lopez indicated that ELN guerillas sought him out for food and shelter, and only became angry and violent *after* he refused to give them what they requested. The IJ correctly noted that there was no evidence in the record that the guerillas attempted to extort him on account of his political opinions. Although Chaves–Lopez indicated that the guerilla commander mentioned petitioner's association with the Colombian Liberal Party when demanding that he contribute money to the ELN's effort to take over the government, there is no evidence in the record that the demands were precipitated by Chavez–Lopez's political opinions. The ELN commander's comment does not, when taken in the context of the rest of Chaves–Lopez's testimony, "strongly suggest, much less compel" a finding that the group was motivated to extort Chaves–Lopez due to his Liberal Party politics. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106 (2d Cir.2006) (internal quotations marks omitted). Thus, the IJ did not err in finding that Chaves–Lopez's claims of past persecution and a well-founded fear of future persecution were not linked to a protected ground, or in denying his claims for asylum and withholding of removal.

Because Chaves–Lopez has failed to sufficiently argue the merits of his CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, such argument is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Finally, contrary to his contention, Chaves–Lopez was afforded due process of law by the agency. The BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–57 (2d Cir.2004). Additionally, we lack jurisdiction to review a BIA member's decision to resolve an appeal unilaterally and without opinion, rather than refer it to a three-member panel, pursuant to 8 C.F.R. § 1003.1(e)(4).

*Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006). Similarly, we lack jurisdiction to review a BIA member's decision to resolve an appeal unilaterally by "brief order" pursuant to 8 C.F.R. § 1003.1(e)(5). *Guyadin v. Gonzales,* 449 F.3d 465, 469 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.